No. 28,648.

HOWARD A. MILLER, *Appellee*, v. MILDRED E. MILLER, *Appellant*.

(278 Pac. 717.)

Opinion filed July 6, 1929.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison, Getto Mc-Donald*, all of Wichita, *S. C. Bloss, Stewart S. Bloss* and *George E. McNeish*, all of Winfield, for the appellant.

*James A. McDermott*, of Winfield, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued the defendant for a divorce. Divorce was granted to him and he was ordered to pay to the defendant $1,227 in cash and she was given a one-half interest in the mineral (oil and gas) rights of the plaintiff in certain real property in Cowley county. From that judgment the defendant appeals.

■ The defendant argues that the evidence was insufficient to support the judgment granting a divorce to the plaintiff, and that it was error to grant a divorce to him. She did not want a divorce, and in her brief says she refused to accept one. There was evidence which tended to prove that the defendant was almost constantly quarreling with the plaintiff; that she did not take care of their home; that she interfered in the business of the plaintiff, which was that of a wholesale representative of brick manufacturers doing business in the state of Kansas; that she neglected him during his serious illness; and that she falsely accused him of communicating to her a venereal disease. The abstract discloses that the defendant was of an excitable, uncontrollable disposition, and that it was diffi-

cult for the court to get her version of the difficulties between herself and her husband. After a careful examination of the evidence, as disclosed by the abstracts, this court is unable to say that the judgment was not supported by evidence or that the court committed error in granting a divorce to the plaintiff.

■ Complaint is made concerning the amount of alimony awarded to the defendant. There was evidence which tended to prove that the plaintiff owned a one-seventh interest in 160 acres of land in Illinois of the value of about $150 an acre, all encumbered by a mortgage of $4,000; that he owned a one-seventh interest in 560 acres of land in Cowley county of the value of $35 to $50 an acre, his interest in which was encumbered to the extent of $2,500; that the plaintiff was the representative in Winfield of brick manufacturing companies doing business in the state of Kansas, and had an office and office fixtures and an automobile, which the testimony tended to prove was of the value of $2,000; and that the financial statement submitted by the plaintiff to the court, covering a period of one year, showed receipts from his business of $10,280.11, expenses of $9,590.37, and an indebtedness of $10,617. The plaintiff's interest in the Illinois land, according to the evidence, amounted to $2,857, and in the Cowley county land to $3,385.70. Disregarding the encumbrances thereon, the plaintiff's land values, calculating the Cowley county land on the basis of $42.50 an acre, amounted to $6,242.70. His personal property would increase this to the sum of $8,242.70. The Cowley county land was shown to be in the vicinity of an oil field. The defendant was given one-half of the plaintiff's interest in the oil or gas that might be produced from that land, and judgment for $1,227. This court is unable to say that the trial court committed any reversible error against the defendant in the award of alimony to her.

The judgment is affirmed.